IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

REGINALD OWENS,            )
        Plaintiff    )
                           )
vs.                        ) CASE NO.:02:05-CV-538-F
                           )
WARDEN JAMES DELOACH, et. al. )
                           )
        Defendants   )

### ANSWER AND SPECIAL REPORT

Come now the Defendants, by and through undersigned counsel, and file this Answer and Special Report stating further as follows:

PLAINTIFF'S ALLEGATIONS:

Plaintiff alleges that, on October 30, 2004, he was assaulted by officers and that on January 11, 2005 he filed a lawsuit in connection with the event. As best as can be determined, the plaintiff is alleging that the defendants have retaliated against him for having filed the lawsuit by initiation three disciplinary action against him. Plaintiff alleges that Officers Shuford and Philyaw, against who he had filed the legal action referenced above, served him with the disciplinary actions on March 17, 2005 and on March 20, 2005. Plaintiff further complains that all three disciplinary actions were heard on March 24, 2005 and that he was found guilty on all charges. Plaintiff

alleges that Sergeant Miller, the hearing officer, threatened him. The sanctions imposed as a result of the disciplinary actions included confinement in disciplinary segregation, loss of privileges and a recommendation for security and custody change.

Plaintiff seeks an order requiring Defendant DeLoach to delete the disciplinaries from his records, to place him back into a lower custody level and to transfer him to another prison.

DEFENDANTS' RESPONSE:

| | |
|---|---|
| Exhibit One | Affidavit of James DeLoach |
| Exhibit Two | Affidavit of William Miller |
| Exhibit Three | Affidavit of Larry Philyaw |
| Exhibit Four | Affidavit of Paul Sanders |
| Exhibit Five | Affidavit of Michael Shufford |

Defendants, each of them, denies that any actions taken by them with respect to the plaintiff were in retaliation for the Plaintiff's having filed a lawsuit arising from an alleged assault on him by a correctional officer in October of 2004.

The Defendants state that the Plaintiff received the three disciplinary actions in question because he engaged in conduct which violated departmental rules and regulations. These disciplinaries were conducted in

accordance with departmental rules and regulations. The disciplinaries in question resulted in placement into disciplinary segregation, loss of privileges and referral to classification for possible custody increase. The disciplinaries did not result in the loss of earned good time credits. The sanctions imposed did not constitute the loss of any "protected liberty interests" to which the due process requirements of <u>Wolff v. McDonnell</u> 418 U.S.539, 94 S.Ct. 2963, 41 L.Ed2d 935(1974) applied. <u>Sandin v. Conner</u> 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed 2d 418 (1995).

Defendants are entitled to qualified immunity as against the plaintiff's claims. Each, with respect to the conduct or actions complained of, were acting within the line and scope of their duties and violated no clearly established laws.

Plaintiff's allegations are, in part, based upon the theory of respondent superior, which is not maintainable under Section 1983.

There is insufficient nexus between the alleged retaliatory actions of the Defendants and the alleged catalyst for such retaliation. Plaintiff's conclusory allegations are an insufficient basis for such claims.

That an inmate has filed a lawsuit against one or more correctional personnel does not give that inmate carte

blanche to violate departmental rules of conduct with impunity. Disciplinary action was taken against the plaintiff because disciplinary action was warranted, irrespective of whether or not he had filed one or more lawsuits.

/s/ Andrew W. Redd
Andrew W. Redd RED001
Asst. General Counsel
Alabama Dept. of Corrections
301 South Ripley Street
Montgomery, Alabama 36104
(334) 353-3880

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing motion upon:

by placing same in the U.S. Mail, first class postage prepaid ~~and~~ properly addressed on this the 16th day of August, 2005.

/s/ Andrew W. Redd
Andrew W. Redd