IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

REGINALD A. OWENS, 227301        )

Plaintiff,                    )

Vs.                          )    CIVIL ACTION NO.2:05-CV-538-F

JAMES DELOACH, et al.,        )

Defendants.

## AFFIDAVIT

Before me, a Notary Public in and for said County and State of Alabama at large,

personally appeared Michael Shufford, who being known to me and by me first duly

sworn, deposes, and says on oath as follows:

My name is Michael Shufford. I am currently employed as a Correctional Officer I

with the Alabama Department of Corrections assigned to Draper Correctional Center,

Elmore, Alabama 36025. I am over twenty-one years of age and have no personal

knowledge of the facts set forth below.

I have no knowledge of any retaliation taken against inmate Owens in the incidents

sited in this case. My role was the serving officer of incidents DCC 05-55-A&B, rule

violations #44, Threats and #56, Failure to Obey a Direct Order of a ADOC Official.



DEFENDANT'S
EXHIBIT
FiVE

I deny that I have ever violated any well-established constitutional rights of inmate

Owens.

_Michael Shufford, COI_

Michael Shufford, COI

SWORN TO AND SUBSCRIBED before me this _____ day of August 2005.

_Notary Public_

Notary Public

My Commission Expire _8-1-07_

ALDOC Form 225B

## ALABAMA DEPARTMENT OF CORRECTIONS *DCC 05-55A*
### DISCIPLINARY REPORT

. Inmate: ~~Reginald Owens~~    Custody: Medium    AIS: ~~B/227301~~

. Facility: Draper Correctional Center

. The above inmate is being charged by   Officer Paul Sanders   with violation of rule number ~~#44~~   specifically ~~Threats~~   from regulation # 403   which occurred on or about

March 15 , 20 05 at (time) 6:35 PM (am / pm), Location: Between #4 Cell and #6 Cell Hallway

. A hearing on this charge will be held after 24 hours from service.

. Circumstances of the violation(s) are as follows:

On March 15, 2005 at approximately 6:35 PM Officer Paul Sanders escorted inmate Reginald Owens B/227301 to the Shift Office where inmate Owens stated that "he should have done what his mother said to do and stick one of you, mother fuckers" referring to Correctional Officers at Draper.

_March 17, 2005_
Date

_PL Sander_ COI
Arresting Officer / Signature / Rank

. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the 17th day of March , 20 05 , at (time) 2:20 (am / pm)

_M. Shyle_ COI
Serving Officer / Signature / Rank

_Refused To Sign M. Shyle_ COI
Inmate's Signature / AIS Number

. Witness desired?   NO _Refused To Sign M. Shyle COI_    YES _____
Inmate's Signature                                          Inmate's Signature

. If yes, list: Officers Terry Moore & Marvin Oliver

. Hearing Date 3/24/05    Time 7:05pm    Place Seg Hallway

. Inmate must be present at Hearing Room. If he/she is not present explain in detail on additional page and attach.

0. A finding is made that inmate (is / ~~is not~~) capable of representing himself.

_Willie C. Millcott_
Signature / Hearing Officer

1. Plea: X Reginald Owens #227301    (Not Guilty)    _____ Guilty

12. The Arresting Officer, Inmate and all witnesses were sworn to tell the truth.

_Willie C. Millcott_
Signature / Hearing Officer

RECEIVED
APR 8 2005
CLASSIFICATION UNIT
DRAPER C.C.

Annex C to AR 403 (Page 1 of 5)

DCC 05-55-A

3. Arresting Officer's Testimony (at the hearing):

On March 15, 2005 at approximately 6:35 PM Officer Paul Sanders escorted inmate Reginald Owens B/227301 to the Shift Office where inmate Owens stated that "he should have done what his mother said to do and stick one of you, mother fuckers" referring to Correctional Officers at Draper.

---

4. Inmate's Testimony:

See attached written testimony.

---

Witness:  Officer Marvin Oliver  *Marvin Oliver*    Substance of Testimony:

Officer Oliver stated that he does not have anything to say because he has no knowledge of the incident.

See written questions for Officer Oliver.

---

Witness:  Officer Terry Moore  *Ty Moore C.I*    Substance of Testimony:

Officer Moore stated he has no knowledge of the incident.

See written questions for Officer Moore.

---

Witness:  N/A    Substance of Testimony:

N/A

5. The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

*Willie C. Mallcott*
Signature / Hearing Officer

6. The following witnesses were not called  -  Reason not called

| | | |
|---|---|---|
| 1. N/A | N/A | |
| 2. N/A | N/A | |
| 3. N/A | N/A | |

DCC 05-55-A

17. After hearing all the testimony, the hearing Officer makes the following findings of fact:   (Be Specific)
The Hearing Officer finds that:

On 03/15/2005 at approximately 6:35 PM after escorting inmate Reginald Owens to the Shift Office, inmate Owens made the statement "I should have done what my mother said to do and stick one of you mother fuckers," referring to the Correctional Officers. Inmate Owens is guilty as charged.

18. Basis for Finding of Fact:

The Hearing Officer based his finding on the sworn testimony of Officer Paul Sanders who under oath stated that he heard the threatening statement from inmate Owens own mouth. The Hearing Officer believes the Arresting Officers testimony.

19. Hearing Officer's Decision:    __XXX__    Guilty    _____    Not Guilty

20. Recommendation of Hearing Officer:

(45) days Disciplinary Segregation. (45) days loss of phone, store and visitation.  Refer to classification for possible re-class to max custody and transfer to max institution

Willi C. Miller COI
Signature / Hearing Officer

Sgt. William C. Miller
Typed Name and Title

21. Warden's Action - Date  3/29/01
Approved
Disapproved
Other (Specify) _____

2. Reason if more than 30 calendar days delay in action. _____

3. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this the __29__ day of __March__ , 20__05__ , at (time) __4:35__  (am /pm))

Marvin Oliver COI
Signature / Serving Officer / Title

x Reginald Owens 207301
Inmate's Signature and AIS Number

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT (OPTIONAL)

Inmate Name / AIS Number  Reginald Owens B/227301

Incident Report No. DCC 05-55-A

Facility:  Draper Correctional Center

Continued Arresting Officer's (AO) Statement and/or Question by Hearing Officer (QBHO) to Arresting Officer:

Q1: Did you hear inmate Owens make the threatening statement?
A1: Yes

Continued Inmate Statement and/or Questions by Hearing Officer (QBHO) to Inmate:

Q1: Did you make that type of statement to Officer Sanders?
A1: No.

Continued Witness Testimony (QBHO):

N/A

Continued Findings of Facts:

N/A

Continued Basis For Finding Of Fact:

N/A

DCC 05-55-A

Continued Hearing Officer's Recommendations:

N/A
_____

Other:

N/A
_____

THE ( KHIPER CORRECTION.tL CENTER

INMATE: REGINALD OWENS
A.I.S # 227301, ACCUSED         )

                                )

        VS.                     )

STATE OF ALABAMA                )     NO. DCC-05-_____
DEPARTMENT OF COR.

                                )

                                )

## OPPOSITION TO DISCIPLINARY REPORT

Comes NOW, Inmate, Reginald Owens, in the styled caus
and Respectfully moves the Hearing Officer AND/OR TH
Approving Authority, After Review, To Find him Not Guilt
and/or Disapprove the charges of Rule # 44, #56 &
57, Specifically (Threats, Failure to obey a direct Order, an
Insubordination)

## STATEMENT / TESTIMONY

Inmate Owens Deny Each and every Allegation
set out in the charging Officers Disciplinary
Report(s) Rules # 44, 56, and 57 FROM A.R
# 403. Inmate Owens says a finding should be
made in section (10) of the Disciplinary Report

that inmate Owens is not capable of representing
himself due to technicality in the charges of Rule #
44, 56, and 57 of the A.R. #403.

2. Inmate Owens ~~has~~ state that these disciplinaries
is a pretext and manufactured only in re-
taliation of Litigation pending against officers
C/o Philyaw, Sgt. Miller, C/o Sanders, C/o Shuford,
and C/o Rudolph in federal Court.

## Question for CHARGING
## OFFICERS

Rule #44       Officer T. Moore & officer M. Oliver
questions      Question for both officers (1-3)

1. MR. Moore Earlier, I talked to Warden
   Deloach and he informed me that Sgt.
   Person told him that yourself and Officer
   Oliver, stated to him while I was in the
   Shower area that you heard me blurt out
   that, I should have done what my mother said
   to do and stick one of you?
                                    Oliver-Yes
                              Y, Moore - I don't know anything
                                 About it. or N._

2. Is it true that the word Should is
   the representation of past tense?
                                    Oliver - I don't kn
                                    No

3. Is it also true that between Mr. Moore, Officer Oliver, and Sgt. Person that this so called threat could have gotton back to Mr. Sanders

Oliver - I don't know.
Moore - I have no Knowledge.

Y___ or No

4. <u>Mr. Sanders #4</u>

Did you know that the A.R # 403 states that a threat is a communicated intent to do bodily harm to another individual or group by verbal or written expression

Y___ Yes    OR N___

5. From knowing the Definition of the word Threat would it be safe to say that Mr. Owens never did state his intentions of harming you.

Y___ or N ✓ No

Questions for Inmate
Darius Tompkins

7, what happen, After you talk to Mr Owens

8, Did you see Inmate Owens Talk crazy to officer Sanders at any time

9. Mr. Johnson (Walter Johnson) Can you Tell the hearing officer what you been the day of 03/15/05 around 6:45 p.m see statement (testimony)

10 Did Reginald Owens become violent or say anything violent to officer Sanders # don't know or N

From Reviewing Sgt. J Persons De-
tention Notification you'll notice that
officer Sanders never mention anything
about a threat to Sgt. J Person.

## Conclusion

The charging Officers Charges is without
Proper basis. The charging officers only used
these Disciplinaries as Retaliation because

Officer in Federal Court.

Done Date Indicated in Section
(8) OF ALDOC FORM 225 B

Respectfully
Submitted by

Reginald Owen

ALDOC Form 225B

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

DCC 05-55-B

Inmate: Reginald Owens  Custody: Medium  AIS: B/227301

Facility: Draper Correctional Center

The above inmate is being charged by Officer Paul Sanders with violation of rule number 56 specifically

Failure to Obey a Direct Order of a DOC Official from regulation # 403 which occurred on or about

March 15 , 20 05 at (time) 6:35 PM (am / pm), Location: Between #4 Cell and #6 Cell Hallway

A hearing on this charge will be held after 24 hours from service.

Circumstances of the violation(s) are as follows:

At approximately 6:35 PM, on March 15, 2005 Officer Paul Sanders observed inmate Reginald Owens B/227301 on the hallway when there was no movement, Officer Sanders instructed inmate Owens to return to his cell which was #2 Cell. Inmate Owens refused to comply by stating "Fuck yall."

March 17, 2005
Date

Pl Sdr CO1
Arresting Officer /Signature / Rank

I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the 17th day of March , 20 05 , at (time) 2:15 (am /pm).

Michael Shfl CO1
Serving Officer / Signature / Rank

Refused To Sign M. Shfl CO1
Inmate's Signature / AIS Number

Witness desired? NO Refused To Sign M. Shfl CO1      YES _____
Inmate's Signature          Inmate's Signature

If yes, list: Darryius Tompkins, Walter Johnson

Hearing Date 3/24/05    Time 7:25pm    Place Seg Hallway

Inmate must be present at Hearing Room. If he/she is not present explain in detail on additional page and attach.

A finding is made that inmate is / is not capable of representing himself.

Will C. Mll CO II
Signature / Hearing Officer

Plea: X Reginald Owens 227301    Not Guilty    Guilty

RECEIVED APR 8 2005 CLASSIFICATION UNIT DRAPER C.C.

The Arresting Officer, Inmate and all witnesses were sworn to tell the truth.

Will C. Mll CO II
Signature / Hearing Officer

Annex C to AR 403 (Page 1 of 5)

SCC 05-55-13

3. Arresting Officer's Testimony (at the hearing):

t approximately 6:35 PM, on March 15, 2005 Officer Paul Sanders observed inmate Reginald Owens B/227301 on the hallway hen there was no movement, Officer Sanders instructed inmate Owens to return to his cell which was #2 Cell.  Inmate Owens efused to comply by stating "Fuck yall."  I had to escort him to the Shift Office because he wouldn't comply and he was also nsubordinate.

4. Inmate's Testimony:

ee attached written statement.

itness:   Darryl Tompkings B/235801    *Darryll Tompkins* 235001    Substance of Testimony:

fused to testify.

itness:   Walter Johnson B/225459  x *Walter Johnson* 225459    Substance of Testimony:

vas taking up laundry bags in #5 Cell down.  I saw Officer Sanders push inmate Owens in the Shift Office, when he was going Segregation they started arguing and he push him down the hall.

itness:  N/A                                                    Substance of Testimony:

A

. The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

                 *Willie C. Willcott*
                 Signature / Hearing Officer

. The following witnesses were not called  -  Reason not called
   1.  N/A                                      N/A
   2.  N/A                                      N/A
   3.  N/A                                      N/A

DC05-55-B

7. After hearing all the testimony, the hearing Officer makes the following findings of fact:   (Be Specific)
The Hearing Officer finds that:

On 03/15/2005 at approximately 6:35 PM, inmate Reginald Owens did not comply to the directive given by Officer Paul Sanders to report to his assign Cell #2.  Inmate Owens became insubordinate and had to be escorted to the Shift Office.  Inmate Owens is guilty as charged.

8. Basis for Finding of Fact:
The Hearing Officer based his findings on the sworn testimony of Officer Sanders who under oath stated that inmate Owens didn't comply to his direct order to report to his assigned cell:  Also inmate Walter Johnson testified that he heard Officer Sanders and inmate Owens having words and Officer Sanders escorted inmate Owens to the Shift Office.

9. Hearing Officer's Decision:    __XXX__    Guilty    _____    Not Guilty

). Recommendation of Hearing Officer:

(45) days Disciplinary Segregation.  (45) days loss phone, store and visitation.  Refer to classification for possible max custody and transfer to a max institutional.

_W.C. Mill COIF_
Signature / Hearing Officer

Sgt. William C. Miller
Typed Name and Title

Warden's Action - Date   3/29/05
Approved  _____
Disapproved _____
Other (Specify) _____

Reason if more than 30 calendar days delay in action.  _____

I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this the __29__ day of __March__ , 20_05_ , at (time) _4:35_ (am /pm).

_Marvin Oliver COI_
Signature / Serving Officer / Title

_Reginald Owens, 207301_
Inmate's Signature and AIS Number

Annex C to AR 403 (Page 3 of 5)

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT (OPTIONAL)

Inmate Name / AIS Number  Reginald Owens B/227301

Incident Report No. DCC05-55-B

Facility:  Draper Correctional Center

Continued Arresting Officer's (AO) Statement and/or Question by Hearing Officer (QBHO) to Arresting Officer:

Q: Did inmate Owens report to Cell #2 as directed?
A: No

Continued Inmate Statement and/or Questions by Hearing Officer (QBHO) to Inmate:

Q: Did you report to your assigned Cell as directed to?
A: They didn't give me time.

Continued Witness Testimony (QBHO):

NA

Continued Findings of Facts:

NA

Continued Basis For Finding Of Fact:

NA

Continued Hearing Officer's Recommendations:

/A

ther:

A

IN THE DIPPER CORRECTIONAL
CENTER

INMATE: REGINALD OWENS )
A.I.S # 227301, ACCUSED )
)
VS. )            NO. DCC-05-_____
)
STATE OF ALABAMA )
DEPARTMENT OF COR. )
)

OPPOSITION TO DISCIPLINARY
REPORT

Comes NOW, Inmate, Reginald Owens, in the styled cause
and Respectfully moves the Hearing Officer AND/OR THE
Approving Authority, After Review, To Find him Not Guilty
and/or Disapprove the charges of Rule # 44, #56 &
57, Specifically (Threats, Failure to obey a direct order, and
Insubordination)

STATEMENT/TESTIMONY

Inmate Owens Deny Each and every Allegation
set out in the charging officers Disciplinary
Report(s) Rules# 44, 56, and 57 From A.R
# 403. Inmate Owens says a finding should be
made in section (10) of the Disciplinary Report

-that "inmate OWEN'S is not capable of representing himself due to technicality in the charges of Rule #44, 56, and 57 of the A.R. #403.

. Inmate Owens ~~has~~ state that these disciplinaries is a pretext and manufactured only in re- taliation of Litigation pending against officers C/o Philyaw, Sgt. Miller, C/o Sanders, C/o Shuford, and C/o Rudolph in federal Court.

## Question for CHARGING
### OFFICERS

Rule #44       Officer T. Moore & Officer M. Oliver
questions       Question for both Officers (1-3)

1. Mr Moore Earlier I talked to Warden Deloach and he informed me that Sgt. Person Told him that yourself and Officer Oliver, stated to him while I was in the shower area that you heard me blurt out that, I should have done what my mother said to do and stick one of you?

Oliver-Yes
Moore-I dont know anything about it. or V.

2. Is it true that the representation of the word Should is past tense?

Oliver- I dont know - N respons

Is it also true that between Mr. Moore,
Officer Oliver, and Sgt. Person that this so
called threat could have gotton back to
Mr. Sanders

Oliver - I don't know
Moore - I have no Knowledge

Y___ or No

## Mr. Sanders #4

1. Did you know that the A.R # 403
States that a threat is a communicated
intent to do bodily harm to another individual
or group by verbal or written expression

Yes
Y___ OR N___

5. From knowing the Definition of the word
Threat would it be safe to say that Mr.
Owens never did state his intentions of
harming you.

No
Y___ or N ✓

## Questions for Inmate
Daryius Tompkins

Inmate Tompkins
refused to testi...

6. ~~When you~~ Did you happen to talk to
Owens in the pill call ~~~~ inma...

4

What happen After you talk to Mr Owens

Did you see Inmate Owens Talk crazy to
officer Sanders at any time

## Mr Johnson (Walter Johnson)

Can you tell the hearing officer
what you seen the day of 03/15/05
around 6:45 p.m   See statement (testimony)

Q. Did Reginald Owens become violent or
say anything violent to officer
                    Sanders    Y __ I don't Know.
                              __ or N __

From Reviewing Sgt. J Persons De-
tention Notification you'll notice that
officer Sanders never mention anything
about a threat to Sgt. J Person.

## Conclusion

The charging officers Charges is without
proper basis. The charging officers only used
these Disciplinaries as Retaliation because
Owens has Litigation Suit against the

officer in federal Court.

Done Date Indicated in Section
(8) OF ALDOC FORM 225 B

Respectfully
Submitted by.

Reginald Owens